UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-24080-PCH

FREDERICK GONZALEZ and all Others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

HOMELAND PATROL CORP., MIRTHA
CORDERO, AUGUSTO CORDERO,

Defendants.
_____/

## DEFENDANTS, HOMELAND PATROL CORP. AND MIRTHA CORDERO'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Homeland Patrol Corporation ("Homeland") and Mirtha Cordero, by and through their undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff, Frederick Gonzalez's Complaint, and states:

    1.    Defendants admit that Plaintiff has filed this action under the Fair Labor Standards Act ("FLSA"), but denies that it violated the FLSA or that Plaintiff is entitled to any relief in this action.

    2.    Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's residency.

    3.    Defendants admit that Homeland regularly transacts business within Miami-Dade County, and further admit that Homeland was the employer of Plaintiff. Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint.

    4.    The allegations set forth in Paragraph 4 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Defendant Mirtha Cordero is a corporate officer of Homeland.

5. Defendants are without present knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 5 of the Complaint, and, therefore, the allegations are denied. However, on information and belief, Defendant Augusto Cordero is not a corporate officer, owner, or manager of Homeland, did not run the day-to-day operations of Homeland, and was not responsible for paying Plaintiff's wages or controlling Plaintiff's work and schedule.

6. The allegations set forth in Paragraph 6 of the Complaint are denied.

## COUNT I.
### (Federal Overtime Wage Violation)

7. Defendants admit that Plaintiff has filed this action under the laws of the United States. The remaining allegations set forth in Paragraph 7 are denied.

8. Defendants are without present knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 8 of the Complaint, and, therefore, the allegations are denied.

9. Paragraph 9 of the Complaint contains a quote from 29 U.S.C. § 207(a)(1) to which no response is required.

10. Defendants admit that Plaintiff was employed by Defendant as a security guard from on or about October 23, 2008, until on or about November 16, 2017. Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendants are without present knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 11 of the Complaint, and, therefore, the allegations are denied.

12. Defendants are without present knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 12 of the Complaint, and, therefore, the allegations are denied.

13. Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Although Defendants deny any liability to Plaintiff, in the event that Plaintiff prevails on his claims in this action, such claims are subject to a two-year statute of limitations because Defendants did not knowingly violate the FLSA or show reckless disregard for the FLSA's mandates and thus Plaintiff cannot show that Defendants' alleged violations were willful.

### SECOND AFFIRMATIVE DEFENSE

Overtime compensation cannot be recovered by Plaintiff for periods of time during which Plaintiff performed no work, including, without limitation, vacation time, sick leave, medical leave, or periods of time during which Plaintiff was otherwise absent from work or the workplace during that week.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA are barred or limited by the doctrine of estoppel, waiver, and/or unclean hands to the extent Plaintiff seeks compensation for hours of work that contradict his prior represents regarding the hours he worked.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to certify a collective action pursuant to 29 U.S.C. § 216, his allegations do not comply with the requirements for a collective action and must be dismissed because any putative plaintiffs are not similarly situated and, thus cannot proceed collectively.

## FIFTH AFFIRMATIVE DEFENSE

Even if Defendants are found to have violated the FLSA, any such violations are inherently individualized, and require analysis of the duties and earnings of each employee. For this reason, Plaintiff's claims cannot proceed collectively.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 18, 2017, a true and correct copy of the foregoing was served by electronic mail using the Court's CM/ECF system or by other means, as indicated in attached the service list, on all counsel or parties of record on the attached Service List.

>LEWIS BRISBOIS BISGAARD & SMITH, LLP
>***Attorneys for Defendants, Homeland Patrol Corp. and Mirtha Cordero***
>110 SE Sixth Street, 26th Floor
>Fort Lauderdale, Florida  33301
>Telephone:     (954)728-1280
>Facsimile:      (954)728-1282
>E-Mail:  ken.joyce@lewisbrisbois.com
>E-Mail:  andrew.zelman@lewisbrisbois.com
>E-Service:  ftlemaildesig@lbbslaw.com
>
>BY:     */s/ Andrew B. Zelman*
>           KENNETH J. JOYCE, ESQ.
>           Florida Bar No.:  986488
>           ANDREW B. ZELMAN, ESQ.
>           Florida Bar No.:  74202

## SERVICE LIST

Jamie H. Zidell, Esq.
Karl D. Kelly, Esq.
Adam J. Berman, Esq.
**J.H. ZIDELL, P.A.**
*Counsel for Plaintiff Frederick Gonzalez*
E-Mail:  zabogado@aol.com
E-Mail:  david.kelly38@rocketmail.com
E-Mail:  ajberman@jhzidell@gmail.com
300 71st Street, Suite 605
Miami Beach, Florida  33141
Telephone:     (305) 865-6766
Facsimile:      (305) 865-7167