UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  17-cv-24080-PCH

FREDERICK GONZALEZ and all Others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

HOMELAND PATROL CORP., MIRTHA
CORDERO, AUGUSTO CORDERO,

Defendants.
_____/

**DEFENDANTS, HOMELAND PATROL CORP. AND
MIRTHA CORDERO'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, Homeland Patrol Corporation ("Homeland") and Mirtha Cordero (collectively referred to herein as "Defendants"), by and through their undersigned counsel, and pursuant to the Notice of Court Practice in Fair Labor Standards Act Case entered on November 28, 2017 [D.E. 6], hereby file their Response to the Statement of Claim from Plaintiff, Frederick Gonzalez ("Plaintiff"), and states[1]:

1.      In Plaintiff's Statement of Claim, he asserts that he is owed unpaid overtime for two consecutive periods of time: 66 overtime hours per week from November 6, 2014 to December 31, 2015 (a total of 60 weeks) at a rate of $4.05 per hour; and 32.5 overtime hours per week from January 1, 2016 to May 1, 2017 (a total of 69 weeks) at a rate of $4.05 per hours, for a total of $50,240.24, including liquidated damages. *See* [D.E. 11].  Plaintiff also claims he is owed an unspecified amount in attorneys' fees and costs. *Id*.

---

[1] Defendants are serving a copy of all documents supporting their defenses (bearing Bates Nos. HPCorp_000001 – 000069) upon Plaintiff's counsel simultaneously with their filing of this Response.

2. Defendants maintain that it did not violate the Fair Labor Standards Act ("FLSA"). Plaintiff is not owed any unpaid overtime because he was paid for all hours he worked at the appropriate rate and as evidenced by time sheets maintained by Homeland. Moreover, Plaintiff has not met his burden of proving that he performed work for which he was not properly compensated.

3. Even assuming Plaintiff can establish that he was entitled to overtime compensation, Defendants dispute the accuracy of Plaintiff's calculations. Defendants will present documentary evidence that will show, and witnesses who will testify, that even if Plaintiff worked more than 40 hours per week, he did not work an average of 66 hours of overtime per week (from November 6, 2014 to December 31, 2015) or 32.5 hours of overtime each week (from January 1, 2016 to May 1, 2017) as claimed. Furthermore, Plaintiff was sometimes late for work and took time off for vacations, sick days, personal time, and various holidays. Therefore, there were weeks in which Plaintiff worked less than 40 hours.

4. Additionally, Plaintiff's assumption that he is entitled to overtime compensation from November 6, 2014 to May 1, 2017, is incorrect. Plaintiff filed the instant action on November 6, 2017 [D.E. 1]. As Florida courts have consistently held, the statute of limitations in cases brought under the FLSA is "ordinarily two years; however, a cause of action arising out of a willful violation of the FLSA may be commenced within three after the cause of action accrued." *Torres v. Rock & River Food, Inc.*, 244 F. Supp. 3d 1320, 1334 (S.D. Fla. Apr. 27, 2016) (citing *Brown v. Gulf Coast Jewish Family Servs., Inc.*, 2011 U.S. Dist. LEXIS 101681, at *24 (M.D. Fla. Aug. 9, 2011)). Further,

> a willful violation may be found when the employer disregarded the very possibility that it was violating the statute…In contrast, if an employer acts unreasonably but not recklessly in determining its legal obligation under the FLSA, then its actions should not be considered willful and the two-year statute of limitations should be applied.

*Brown*, 2011 U.S. Dist. LEXIS, at *24-25 (internal citations omitted). In the instant matter, even assuming Plaintiff is owed unpaid overtime, he would be entitled to overtime for only the two-year

statutory period prior to filing of his case (November 6, 2015 to May 1, 2017 – the latest date that Plaintiff is seeking unpaid overtime).

5. Next, Plaintiff incorrectly assumes, without providing any support, that he is automatically entitled to liquidated damages. *See* [D.E. 11]. Plaintiff has not proffered any documents or evidence to support his allegation that Defendants' actions were either willful or intentional. As such, Plaintiff is not entitled to liquidated damages.

6. Furthermore, Plaintiff was responsible for recording and reporting his own work hours. Therefore, Plaintiff's claims under the FLSA are barred by the doctrine of estoppel to the extent that Plaintiff seeks compensation for hours of work which contradict his prior representations regarding the hours he worked.

7. Based on information and belief, Defendant Augusto Cordero is not liable to Plaintiff because he is not an "employer" under the FLSA. The FLSA defines "employer" to include "both the employer for whom the employee works as well as an 'any person directly or indirectly in the interests of an employer in relation to an employee.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)). Plaintiff did not work for Mr. Cordero nor was Mr. Cordero a "corporate officer with operational control" of Homeland during the time frame that Plaintiff seeks damages. *See Torres*, 244 F. Supp. 3d at 1334 (citation omitted).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2017, a true and correct copy of the foregoing was served by electronic mail using the Court's CM/ECF system or by other means, as indicated in attached the service list, on all counsel or parties of record on the attached Service List.

LEWIS BRISBOIS BISGAARD & SMITH, LLP
*Attorneys for Defendants, Homeland Patrol Corp. and Mirtha Cordero*
110 SE Sixth Street, 26th Floor
Fort Lauderdale, Florida  33301
Telephone:	(954)728-1280
Facsimile:	(954)728-1282
E-Mail:  ken.joyce@lewisbrisbois.com
E-Mail:  andrew.zelman@lewisbrisbois.com
E-Service:  ftlemaildesig@lbbslaw.com

BY:	*/s/ Andrew B. Zelman*
	KENNETH J. JOYCE, ESQ.
	Florida Bar No.:  986488
	ANDREW B. ZELMAN, ESQ.
	Florida Bar No.:  74202

## SERVICE LIST

Jamie H. Zidell, Esq.
Karl D. Kelly, Esq.
Adam J. Berman, Esq.
**J.H. ZIDELL, P.A.**
*Counsel for Plaintiff Frederick Gonzalez*
E-Mail:  zabogado@aol.com
E-Mail:  david.kelly38@rocketmail.com
E-Mail:  ajberman@jhzidell@gmail.com
300 71st Street, Suite 605
Miami Beach, Florida  33141
Telephone:	(305) 865-6766
Facsimile:	(305) 865-7167