UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24080-CIV-MCALILEY

[CONSENT CASE]

FREDERICK GONZALEZ NIMO and all
others similarly situated under 29 U.S.C.
216(b),

       Plaintiff,
vs.

HOMELAND PATROL CORP.,
MIRTHA CORDERO,
AUGUSTO CORDERO,

       Defendants.
_____

**PLAINTIFF'S UNOPPOSED MEMORANDUM OF LAW REGARDING APPROVAL OF SETTLEMENT AGREEMENT**

**COMES NOW** the Plaintiff, through counsel, and hereby files this Memorandum as follows:

**INTRODUCTION**

1. The Court held a hearing on 1/24/18, under an Order dated at [DE 25].

2. During the hearing, the Court expressed concern regarding approval of the subject settlement agreement, and directed this Memorandum be filed.

3. Further details regarding this matter are set forth below.

**MEMORANDUM OF LAW**

It should be noted that Plaintiff's Complaint is a single Count overtime time claim brought under the Fair Labor Standards Act, that seeks damages for unpaid half-time overtime damages, along with liquidated damages, fees and costs. Therefore, the general

1

release, that contemplates a potential retaliation claim under 29 U.S.C. 215(a)(3), concerns a claim that has not been pled in the Complaint.

As indicated by the fully executed Agreement, agreed to by all Parties, the total settlement is $42,000. Of that total, Plaintiff shall receive the total amount of $24,630. With respect to that amount, "30% of plaintiff's amount apportioned to him will represent back wages, 30% amount apportioned to Plaintiff will represent liquidated damages, and the remaining amount apportioned to Plaintiff will be for a mutual general release including with respect to an alleged retaliation claim and all mutual promises exchanged therein." As indicated by Plaintiff's Court Interrogatories filed on the record on 12/4/17 (along the with the statement claim on 12/11/17, Plaintiff's un-liquidated wage damages total (in his best day in court) is $25,120.12. Thus, in receiving $24,630, Plaintiff is receiving nearly his entire wages sought un-liquidated[1] (notwithstanding the risks of litigation had this matter proceeded to trial).

The Court should only consider the total amount received by the Plaintiff ($24,630) in relation to the single Count overtime claim, that was actually pled in the Complaint. If the Court considers only the pled claim, the Plaintiff is receiving nearly 100% of his entire wages sought un-liquidated (notwithstanding the risks of litigation had this matter proceeded to trial).

Of the total settlement proceeds, "Plaintiff's Counsel shall receive the total amount of $17,370 (of which $570 represents costs in this litigation for filing, service of process for Complaint, Pacer costs, copies and mailing costs)." With respect to

---

[1] Since Plaintiff's only pled claim is for overtime, the Court's focus for approval purposes should be only on the amount Plaintiff receives for his pled claim, and not on how the Parties allocated the division of settlement funds for an unpled claim.

attorneys' fees in the Settlement Agreement (already filed with the Motion to Approve), the office of Plaintiff's counsel certifies that its contingency fee agreement complies with Florida Bar Rule 4-1.5(f).[2]  Plaintiff and his Counsel request this Court to honor the contingency agreement entered into between Plaintiff and his Counsel.

The Parties decided to apportion Plaintiff's recovery in the settlement agreement, in order to ensure all of Plaintiff's claims are being settled herein.  Defendants wanted to ensure this matter was completely resolved, without the possibility of a subsequent retaliation action or other matter being filed.

As to the claims pled in the Complaint, this Court should focus on the pled claim (the single count overtime claim, not the unpled portions addressed to avoid a future lawsuit.  If the Court looks at the Motion to Approve (filed 1/19/18) under the above prism, the Court should approve the settlement as filed with the Court, which will save further fees and costs from accruing on both sides, and also will not occupy further judicial resources.

"The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are *actually* in dispute. [emphasis added] *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]" *Anderson v. Lykes Cartage Co. LLC*, No. 617CV657ORL40DCI, 2017 WL 4785361, at *1 (M.D. Fla. Oct. 17, 2017), report and recommendation *adopted,* No. 617CV657ORL40DCI, 2017 WL 4680795 (M.D. Fla. Oct. 18, 2017).

---

[2] This certification was made pursuant to other motions to approve FLSA settlements filed before the Magistrate Judge.

3

It is also worth considering that:

"The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.... If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355."

*Castaneda v. Martinez,* No. 2:17-CV-498-FTM-38CM, 2018 WL 541056, at *1 (M.D. Fla. Jan. 8, 2018), *report and recommendation adopted*, No. 2:17-CV-498-FTM-38CM, 2018 WL 515447 (M.D. Fla. Jan. 23, 2018)/

Alternatively, notwithstanding the above, judicial review is not required with respect to the retaliation provision. Plaintiff had wanted to maintain a carve-out to retain his alleged retaliation claim; however, the Parties agreed to a general release as part of the settlement. Court approval of the settlement as set forth in *Lynn's Food Stores, Inc.,* is relevant to the compromise of Plaintiff's wage claim, but approval is not required regarding the retaliation claim. *See Ricardo Raul Chiu Pardon, et al. v. AC1 Supply, Inc., et al.,* Case No. 14-22904-CIV-ALTONAGA/O'SULLIVAN, [DE41 at FN 1]; *McQuillan v. H.W. Lochner, Inc.*, 2013 WL 6184063 (M.D. Fla. Nov. 25, 2013). Even though Defendants hotly dispute the viability of the retaliation claim, Plaintiff does not. Since judicial review is not necessary regarding the potential retaliation claim, the

4

fees/costs sought should not further be reviewed, as they need not be scrutinized under prevailing law in relation to seem.

WHEREFORE THE PLAINTIFF REQUESTS THE COURT TO APPROVE THE SETTLEMENT AGREEMENT IN FULL THAT WAS ADDRESSED AT THE SAID HEARING ON 1/24/18

## CERTIFICATE OF CONFERRAL

Defense counsel Me. Zelman, Esq. indicated this Memorandum is unopposed.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

BY:_____/s/ K. David Kelly_____
              **K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING ON 1/29/18 TO:**

**ALL CM/ECF RECIPIENTS**

**ANDREW ZELMAN, ESQ.**
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
**110 SE 6TH STREET**
**SUITE 2600**
**FORT LAUDEDALE, FL 33301**
**954-728-1280**
**FAX: 954-7281282**
**EMAIL: ANDREW.ZELMAN@LEWISBRISBOIS.COM**

**BY:__ /S/ K. DAVID KELLY _____**
**K. DAVID KELLY, ESQ.**