UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24080-MCALILEY
CONSENT CASE

FREDERICK GONZALEZ NIMO
and all others similarly situated under
29 U.S.C. 216(b),

    Plaintiff,

v.

HOMELAND PATROL CORP.,
et al.,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING ACTION

The Honorable Paul C. Huck referred this Fair Labor Standards Act action to me upon the consent of the parties. [DE 23]. Thereafter, the parties reached a settlement of Plaintiff's claim for unpaid overtime wages, along with an unpled claim for retaliation, and they filed their Joint Motion for Approval of Parties' Settlement Agreement and Stipulated Dismissal With Prejudice, and attached a copy of their settlement agreement to their Motion. [DE 24].

On January 24, 2017, counsel appeared before me at a telephonic hearing and addressed the fairness of their settlement agreement. [DE 25, 27]. Thereafter Plaintiff filed an Unopposed Memorandum of Law Regarding Approval of Settlement Agreement. [DE 28].

In his Statement of Claim, Plaintiff claimed he was owed $25,120 in unpaid overtime wages. [DE 11]. The settlement agreement provides that Plaintiff will recover nearly that entire amount; $24,630. [DE 24-2, p. 2, ¶ 2(i)]. However, the agreement apportions 40% of that amount as damages for a retaliation claim not included in the Complaint. [DE 24-2, p. 2, ¶2]. The parties have not provided the Court any information about this retaliation claim.

The settlement agreement also provides that Plaintiff's counsel will be paid $17,370. [*Id.*]. Plaintiff's counsel allocates $570 of that amount for costs, and the remainder ($16,800) as attorney's fees. [*Id.*]. That sum represents 40% of the total recovery ($42,000), and Plaintiff's counsel claims entitlement to that fee, relying on its contingency fee retainer agreement, which provides for it to be paid up to that amount, if Plaintiff prevails. [DE 24, p. 2].

This Court must decide whether the settlement agreement is a fair and reasonable resolution of a bona fide dispute about FLSA requirements. *See Lynn's Food Stores, Inc. v. United States, U.S. Dep't. Of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). It must also determine whether the negotiated attorney's fee is reasonable; in particular, whether counsel is compensated adequately and whether counsel's interest in recovering attorney's fees "taints the amount the wronged employee recovers under a settlement agreement." *See Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009).

Plaintiff's counsel's recovery of $16,800 in attorney's fees is a windfall in this case. At the telephonic hearing, Plaintiff's counsel advised that attorneys in her firm had billed 17 hours on this case, at a claimed hourly billing rate of $390.[1] The Florida Bar has approved

---

[1] If Plaintiff's counsel were to recover attorney's fees on that basis, it would justify an award of about $6,630.

2

contingency fees agreements, and courts have found that in FLSA cases "the reasonableness of the contingency arrangement will depend on the specifics of the particular case." *Brenowitz v. Implant Seminars, Inc.*, No. 17-20184-CIV-GOODMAN, 2017 WL 3438879 *2 (S. D. Fla. Aug. 10, 2017). Here the Court has no information to assess the bona fides of the unpled retaliation claim. On this record, it appears fair to construe the agreement as one where Plaintiff essentially fully recovers his claimed damages, and thus I conclude that the settlement is a fair and reasonable compromise of Plaintiff's lawsuit. That being the case, I find that Plaintiff's counsel's recovery of a 40 per cent contingency fee does not represent a conflict of interest with Plaintiff. For these reasons I approve the parties' settlement of this action.

Accordingly, the Court hereby **ORDERS** that this action is **DISMISSED WITH PREJUDICE** and the Clerk of Court is instructed to **CLOSE** this case.

DONE and ORDERED in chambers at Miami, Florida this 30th day of January, 2018.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE


cc: Counsel of record